Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as by the act of assembly, 1 Rev. Code 509, § 84, it was provided, that if before action brought the defendant hath paid the principal and interest due by the defeasance or condition, he may plead payment in bar, it would have been competent to give in evidence the parol admissions of the plaintiff that nothing was due in support of such plea of payment. And as by the act of assembly, 1 Rev. Code 487, ch. 127, it was provided, that in an action of debt due by judgment, bond, bill or otherwise, the defendant shall have liberty, upon the trial thereof, to make all the discount he can against such debt; and upon proof thereof the same shall be allowed in Court; it is competent under the plea of payment to give in evidence parol admissions of the plaintiff, that but a por *559 tion of the debt claimed was really due. Where the defendant relies upon a specific payment or set-off by way of discount against the debt, an account stating distinctly the nature of such payment or set-off, and the several items thereof, must be filed with the plea; though the defendant may rely on parol admissions of the plaintiff to prove such payments. But this does not apply to a case where no specific payment is relied on; as the defendant may be destitute of any evidence to prove the same and still be enabled to prove by the admissions of the plaintiff, that but a portion of the debt sued for is due. Unless such proof be admissible under the general plea of payment, the defendant would be deprived of a defence which the justice of the case required.
The Court is therefore of opinion that the Circuit court erred in instructing the jury that upon evidence of the declarations of the plaintiff in the action sometime before the institution of the suit, that 25 dollars only of the bond mentioned in the declaration remained unpaid, they could not on that testimony find a partial payment of the bond in the declaration mentioned, because no such payment was stated in the account filed with the plea, and in overruling the motion of the plaintiff in error to set aside the verdict and grant him a new trial on account of such misdirection. It is therefore considered that said judgment be reversed with costs; and the cause is remanded with instructions to set aside the verdict and award a new trial upon the usual terms.
Judgment reversed.